CASE 14—PETITION ORDINARY—FEBRUARY 17.

# Julian, &c., vs. Pilcher.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

A suit to foreclose a lien is not an action for the *same cause* as a suit at law to recover a personal judgment on a note which is secured by the same lien, within the meaning of *section* 120 of the *Civil Code*. That section has not changed the former rule on the subject.

W. ATWOOD, for appellants, cited 1 *Met.*, 289.

CHIEF JUSTICE MARSHALL DELIVERED THE OPINION OF THE COURT:

In this action by the assignees against the obligor, on a note executed for part of the price of a house and lot, in Louisville, the petition states, as a reason why a copy instead of the original is filed, that the original is already on file in the Louisville chancery court "in a suit by the plaintiffs against the defendant to foreclose the lien on said house and lot." The defendant demurred to the petition on the ground that it showed on its face that another action was pending between the same parties for the same cause. The demurrer was sustained, and judgment having been rendered in bar of the action, the plaintiffs have appealed.

As the Civil Code, section 120, specifies the pendency of another action between the same parties for the same cause as a proper ground of demurrer, the only question is, whether it is to be assumed, upon the words in the petition, that the other action referred to was pending when the petition was filed, and that it was an action, the pendency of which is, under the true construction of the section 120, a ground for defeating the present action.

A comparison of the time when the note fell due, viz: 24th of May, 1865, with the time of filing the petition, on the 6th of September, 1865, might authorize the inference that the suit for foreclosure, which may be presumed to have been brought after the first of these periods, was still pending at the last. But this fact is not stated in the petition, and is not

conclusively implied, either from the fact that a suit for fore-closure had been brought in the Louisville chancery court, or from the fact that the note, properly filed in that suit, still re-mained in the chancery court, where it would remain as well after as before the termination of the suit, until withdrawn by leave of the court. It does not certainly appear, therefore, on the face of the petition, whether the suit therein referred to was still pending or not.

But, waiving this strict construction of the petition, the more important question is, whether, within the proper mean-ing and intent of the Code (*section* 120), a suit for the fore-closure of a lien is an action for the same cause, as the suit at common law to recover a personal judgment against the obligor on the note, which is secured by the same lien. We are of opinion that it is not. The note, it is true, furnishes a necessary part of the ground or cause of action in each case. But, in one case, the note and its non-payment, when due, make up the whole cause of action, while in the other, the existence and validity of a lien are additional facts, essential to the cause and maintenance of the action.

It is to be observed, too, that, although the ultimate object of each action is to obtain payment of the note, the one aims to attain that object by means of a personal judgment against the debtor, while the other seeks to obtain it by means of a judgment *in rem*, or directly against his property. The two causes of action are clearly not, in all respects, identical. And although the Code authorizes the court rendering a judgment enforcing the lien to render also a personal judg-ment for the debt, the lien may be enforced without such judgment, which would not usually be rendered unless desired by the plaintiff; and would not, probably, be rendered or asked for if he had obtained or was seeking to obtain such judg-ment in a separate action.

On the face of the petition it does not appear that the suit in the chancery court was brought; or would be used, for any purpose but that of foreclosing the lien. And as the maxim that no one should be twice vexed for the same cause has been long established and recognized, we regard the doctrine,

well-settled before the adoption of the Code, that a creditor might, at the same time, maintain a suit upon his bond and upon the mortgage, or other lien, by which it may have been secured, as decisive authority in favor of our conclusion that the suit for foreclosure and the suit upon the bond are not for the same cause.

The Code did not intend to make a new rule for determining the identity of causes of action, but to enforce the old maxim that no one should be twice vexed for the same cause; nor do we suppose that it intended to unsettle the principles established by a series of adjudications, and well understood in the country, by which the diligence necessary to make an assignor liable should be tested. That these principles would be unsettled, and great confusion ensue on this important subject, if the construction necessary to sustain this judgment should be adopted, is a corroborative reason for a different construction.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer, and for further proceedings.